**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 10-6886**

───────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

JOHN JOHNSON TERRELL, II,

              Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (1:06-cr-00493-JCC-1; 1:09-cv-00846-JCC)

───────────────

Submitted: December 7, 2010     Decided: December 21, 2010

───────────────

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────────

Vacated and remanded by unpublished per curiam opinion.

───────────────

John Johnson Terrell, II, Appellant Pro Se. William H. Jones, II, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Johnson Terrell, II, appeals the district court's order denying relief on his 28 U.S.C.A § 2255 (West Supp. 2010) motion. We vacate and remand for further proceedings.

Terrell pleaded guilty to one count of possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006), and to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006). Terrell was sentenced as a career offender to a total of 262 months of imprisonment. Judgment was entered on March 9, 2007. There is conflicting evidence as to whether Terrell directed his attorney, Brisendine, to file a direct appeal. Terrell claims he repeatedly attempted to contact Brisendine, and Brisendine never responded. Brisendine avers he never received any of Terrell's letters and was never instructed to file an appeal.

After learning an appeal had never been filed in his case, Terrell filed a § 2255 motion. However, by the date the motion was filed, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations had run. 28 U.S.C. § 2255(f) (2006). Although Terrell argued for equitable tolling of the statute of limitations, the district court found that such tolling was inapplicable. The court, however, granted a

2

certificate of appealability as to its resolution of the applicability of equitable tolling.

After the district court issued its order, the Supreme Court issued its decision in Holland v. Florida, 130 S. Ct. 2549 (2010). Holland affirmed that equitable tolling applies to the AEDPA's statute of limitations. Id. at 2554. Specifically, the Court found that, in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. Id. at 2562. The Court also discussed whether attorney misconduct could satisfy the "extraordinary circumstance" requirement. Id. at 2564-65. Answering the question in the affirmative, the Court held that, while the attorney misconduct must be more egregious than a "'garden variety claim of excusable neglect,'" the requirement might be met by a showing of an extraordinary failure by the attorney to provide reasonably competent legal work, to communicate with his client, to implement his client's reasonable request, to keep his clients informed of key developments in their cases, and to never abandon a client. Id. at 2564 (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).

Because the district court did not have the benefit of Holland when it considered Terrell's motion, and because there is conflicting evidence in the record as to both prongs of the

3

<u>Holland</u> analysis, we vacate the district court's order and remand for further proceedings consistent with <u>Holland</u>. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>